| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>_____X<br>IN RE:  YEKATERINA TUMAYEVA,<br><br>                              DEBTOR.<br>_____X<br>AMERICAN EXPRESS NATIONAL BANK,<br><br>                              PLAINTIFF,<br><br>      v.<br><br>YEKATERINA TUMAYEVA,<br><br>                              DEFENDANT.<br>_____X | pjh9510<br>Tax ID #11-3178696<br><br>CHAPTER 11<br><br>BANKR. NO. 1-21-40870-JMM<br><br><br><br>ADV. PROC. NO. 1-21-<br><br><br><br>**COMPLAINT TO DETERMINE<br>DISCHARGEABILITY OF DEBT** |

Plaintiff, American Express National Bank ("American Express"), by and through its counsel, hereby represents as follows:

1. The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 157(a), (b)(1), (b)(2)(I) (core proceeding), § 1334(b) and 11 U.S.C. § 523(c). Plaintiff consents to the entry of a final Order or Judgment by the Court.

2. On April 1, 2021, the Defendant, Yekaterina Tumayeva (the "Defendant"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above case.

3. According to her Statement of Financial Affairs, the Defendant paid her attorney for bankruptcy representation on March 17, 2021.

4. American Express is the holder of a claim against the Defendant arising from Blue Business Plus Credit Card account number ****-******-*1008 ("Account 1").

5. Account 1 was opened by the Defendant in June of 2020.

6. The balance on Account 1 as of the date of filing of the Chapter 7 petition was $10,247.82.

7. American Express is the holder of a claim against the Defendant arising from Business Platinum Card account number ****-******-*2001 ("Account 2").

8. Account 2 was opened by the Defendant in July of 2016.

9. The balance on Account 2 as of the date of filing of the Chapter 7 petition was $26,758.03.

10. The terms and conditions of the account agreements between the Defendant and American Express call for the payment of all costs and all other expenses expended by American Express in the collection of the Accounts, which is hereby requested by American Express.

### FIRST COUNT

11. Paragraphs 1 through 10 are hereby repeated and incorporated as if fully set forth herein.

12. Between February 25, 2021and February 26, 2021, the Defendant incurred four charges totaling $4,033.08 on Account 1 for the payment of taxes.

13. Two charges totaling $2,039.20 were incurred on February 25, 2021 for a payment to "US Treasury Tax Payment" and related convenience fee.

14. American Express asserts that the Defendant incurred the obligations referenced in Paragraph 13 to pay taxes to the United States that would otherwise be nondischargeable pursuant to 11 U.S.C. § 523(a)(1).

15. Upon information and belief, the charges at issue in paragraph 13 were incurred to pay federal income taxes and therefore, are nondischargeable pursuant to 11 U.S.C. § 523(a)(14).

16. Two charges totaling $1,993.88 were incurred on February 26, 2021 for a payment to "NYS DTF PIT RTN PAYMENT" and related service fee.

17. American Express asserts that the Defendant incurred the charges referenced in paragraph 16 to pay a tax to a governmental unit, other than the United States, that would otherwise be nondischargeable pursuant to 11 U.S.C. §523(a)(1).

18. Pursuant to 11 U.S.C. § 523(a)(14A), the charges referenced in paragraph 16 are excepted from discharge.

19. The terms and conditions of the Account Agreement between the Defendant and American Express call for a minimum payment of the charges due on Account 1 upon receipt of the monthly billing statement.

20. No payments were made on Account 1 toward the charges at issue.

21. Attached hereto as Exhibit "A" is the relevant portion of the account statements for Account 1 which reflect the account activity alleged in this Complaint. The pages have been redacted to remove the full account number and pages showing statements of available bonus points and other available membership rewards and offers having no relation to account activity have been removed for purposes of brevity.

22. By using Account 1, the Defendant agreed to be bound by the terms and conditions of the Account Agreement.

23. The charges at issue on Account 1 were incurred just five weeks prior to the filing of Defendant's bankruptcy petition and three weeks prior to paying her attorney for bankruptcy representation.

24. As the proximate result of extending credit to the Defendant and the Defendant's failure to repay, American Express has sustained loss and damage in the amount of $4,033.08 on Account 1.

25. For the reasons above, a portion of the balance on Account 1 in the amount of $4,033.08 is nondischargeable pursuant to 11 U.S.C. § 523(a)(14) and 11 U.S.C. § (a)(14A).

## SECOND COUNT

26. Paragraphs 1 through 25 are hereby repeated and incorporated as if fully set forth herein

27. Between February 15, 2021 and March 3, 2021, the Defendant incurred 12 charges totaling $16,484.62 on Account 2.

28. All of the transactions referenced in paragraph 27 were incurred within 90 days of the filing of the bankruptcy petition and are therefore presumed nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(C).

29. Of the transactions referenced in paragraph 25, two charges totaling $971.38 were incurred on February 26, 2021 for a payment to "NYS DTF PIT RTN PAYMENT" and related service fee.

30. American Express asserts that the Defendant incurred the charges referenced in paragraph 29 to pay a tax to a governmental unit, other than the United States, that would otherwise be nondischargeable pursuant to 11 U.S.C. §523(a)(1).

31. Pursuant to 11 U.S.C. § 523(a)(14A), the charges referenced in paragraph 29 are excepted from discharge.

32. Of the transactions referenced in paragraph 27, one charge in the amount of $15,244.95 was incurred on March 1, 2021 at 'U.S. Mint Coin Sales."

33. The terms and conditions of the Account Agreement between the Defendant and American Express call for full payment of the charges due on the Pay In Full Portion of the Account upon receipt of the monthly billing statement, with the exception of the Pay Over Time Portion on the Account, which requires a minimum payment.

34. The charges at issue in paragraph 25 were incurred on the Pay In Full Portion of Account 2.

35. The charge at issue in paragraph 32 was incurred just 16 days before the Defendant paid her attorney for bankruptcy representation.

36. The Defendant's Statement of Financial Affairs does not report the Defendant's ownership of coins.

37. Account 2 was credited $185.78.

38. No payments were made toward the charges at issue on Account 2.

39. Attached hereto as Exhibit "B" is the relevant portion of the account statements for Account 2 which reflect the account activity alleged in this Complaint. The pages have been redacted to remove the full account number and pages showing statements of available bonus points and other available membership rewards and offers having no relation to account activity have been removed for purposes of brevity.

40. By using Account 2, the Defendant agreed to be bound by the terms and conditions of the account agreement.

41. Each time the Defendant made a charge on Account 2, she represented to American Express that she had the intent to repay the debt in accordance with the terms and conditions of the account agreement.

42. According to Schedule F of the Defendant's bankruptcy petition, she has $278,093 of scheduled, unsecured non-priority debt, the all of which appears to be credit/charge card debt. However, upon information and belief, she has failed to account for $41,288.09 of outstanding debt to American Express, bringing her total unsecured debt to $320,067.09.

43. Under prevailing practice in the credit card industry, the card holder is required to pay a minimum of three percent (3%) of the outstanding balance of the card on a monthly basis."

In re Willis, 190 B.R. 866, 867 (Bankr. W.D. Mo. 1996).  Three percent of the Defendant's credit card debt would constitute a monthly payment of approximately $9,6020.01.

44. According to Schedule I of the Defendant's bankruptcy petition, she is a personal banker at JP Morgan Chase Bank and she and her non-filing spouse have combined net monthly income of $17,941.48.

45. According to Schedule J of the Defendant's bankruptcy petition, she and her non-filing spouse have combined monthly expenses totaling $16,929.66, leaving a monthly disposable income of $1,011.82; this figure does not include payment on any credit/charge card debt.

46. Therefore, based upon the figures disclosed in the Defendant's bankruptcy schedules, she was unable to pay her living expenses and credit/charge card debt when the charges were made on Account 2.

47. The Defendant's petition and schedules reflect insufficient income and assets from which she reasonably could have expected to repay American Express.

48. The Defendant is financially sophisticated as evidenced by her employment, ownership of several properties and usage and maintenance of several credit/charge cards.

49. American Express asserts that at the time the Defendant incurred the charges on Account 2, she did not intend to honor her obligation to American Express to satisfy Account 2.

50. The Defendant obtained the goods and services charged on Account 2 through representations which she either knew to be false or were made with such reckless disregard for the truth as to constitute willful misrepresentations.

51. The Defendant made the misrepresentations with the intention and purpose of deceiving American Express so that American Express would extend credit that would enable her to charge goods and services on Account 2.

52. At the time of posting the above-referenced charges to Account 2, the Defendant was a cardmember in good standing with American Express, such that, American Express justifiably relied on the Defendant's misrepresentations as to her intent to repay.

53. As the proximate result of extending credit based on the Defendant's misrepresentations, American Express has sustained loss and damage in the amount of $16,298.84 on Account 2.

54. A portion of the balance on Account 2 in the amount of $16,298.84 was incurred by the Defendant with knowledge of her inability to repay it.

55. A portion of the balance on Account 2 in the amount of $16,298.84 was incurred by the Defendant without the intent to repay it.

56. A portion of the balance on Account 2 in the amount of $16,298.84 was obtained through false pretenses, a false representation, or actual fraud by the Defendant.

57. For the reasons above, a portion of the balance on Account 2 in the amount of $16,298.84 is nondischargeable pursuant to 11 U.S.C. § 523(a)(14A) and 11 U.S.C. § 523(a)(2)(C).

WHEREFORE, American Express prays this Honorable Court for a nondischargeable judgment against the Defendant in the total amount of $20,517.70, plus costs, or any other such relief as the Court may deem appropriate.

>                             Respectfully submitted,
>                             *Attorneys for Plaintiff*

Dated:_JULY 1, 2021_____    By:    /s/ *Paul J. Hooten*
                                Paul J. Hooten (PJH9510)
                                PAUL J. HOOTEN & ASSOCIATES
                                5505 Nesconset Highway, Suite 203
                                Mt. Sinai, NY  11766
                                Phone:  (631) 331-0547
                                Email:  pjhooten@mindspring.com