# EXHIBIT B

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, New York 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                    Case No.: <u>1-21-40870-jmm</u>

    Yekaterina Tumayeva,                          Chapter 11

        Debtor.
--------------------------------------------------------X

## <u>CLASS [  ] BALLOT FOR ACCEPTING OR REJECTING<br>PLAN OF REORGANIZATION</u>

      Yekaterina Tumayeva filed the Chapter 11 plan of reorganization dated June 14, 2022 (the "Plan") for the Debtor in this case.  If you do not have a Plan of reorganization, you may obtain a copy from:

      **LAW OFFICE OF ALLA KACHAN, P.C.**
      **2799 CONEY ISLAND AVENUE, SUITE 202**
      **BROOKLYN, NEW YORK 11235**
      **TEL.: (718) 513-3145**
      **FAX: (347)342-3156**
      **alla@kachanlaw.com**

      **You should review the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class [  ] under the Plan.  If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

      **If your ballot is not received by**

      **LAW OFFICE OF ALLA KACHAN, P.C.**
      **2799 CONEY ISLAND AVENUE, SUITE 202**
      **BROOKLYN, NEW YORK 11235**
      **TEL.: (718) 513-3145**
      **FAX: (347)342-3156**
      **alla@kachanlaw.com**

**On or before** _____, **and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on your whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class [    ] claim against the Debtor in the unpaid amount of

_____ Dollars ($_____)

[   ]  **ACCEPTS THE PLAN**                    [   ]  **REJECTS THE PLAN**

**Dated:** _____

**Print or Type Name:** _____

**Signature:** _____

**Title (if corporation or partnership):** _____

**Address:** _____

_____

_____

**RETURN THIS BALLOT TO:**

**LAW OFFICE OF ALLA KACHAN, P.C.**
**2799 CONEY ISLAND AVENUE, SUITE 202**
**BROOKLYN, NEW YORK 11235**
**TEL.: (718) 513-3145**
**FAX: (347)342-3156**
**alla@kachanlaw.com**

# EXHIBIT C

# UNITED STATES BANKRUPTCY COURT

Eastern DISTRICT OF New York

In Re. Yekaterina Tumayeva §
§
§
Debtor(s) §

Case No. 21-40870

☐ Jointly Administered

## Monthly Operating Report

Chapter 11

Reporting Period Ended: 05/31/2022

Petition Date: 04/01/2021

Months Pending: 14

Industry Classification: | 0 | 0 | 0 | 0 |

Reporting Method:           Accrual Basis ○        Cash Basis ◉

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):        0

## Supporting Documentation (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☒ Statement of cash receipts and disbursements
- ☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☒ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

/s/ Yekaterina Tumayeva
Signature of Responsible Party

Yekaterina Tumayeva
Printed Name of Responsible Party

06/05/2022
Date

125 Oceana Dr E 3C Brooklyn NY 11235
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Debtor's Name  Yekaterina Tumayeva

Case No.  21-40870

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $15,082 | |
| b. Total receipts (net of transfers between accounts) | $7,862 | $0 |
| c. Total disbursements (net of transfers between accounts) | $19,728 | $82,063 |
| d. Cash balance end of month (a+b-c) | $3,217 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $19,728 | $82,063 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory    (Book ◯   Market ◯   Other ◉   (attach explanation)) | $0 |
| d. Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (12/01/2021) - Mac

2

Debtor's Name Yekaterina Tumayeva

Case No. 21-40870

## Part 5: Professional Fees and Expenses

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | | | $0 | $0 | $0 | $0 |
| ii | | | | | | |
| iii | | | | | | |
| iv | | | | | | |
| v | | | | | | |
| vi | | | | | | |
| vii | | | | | | |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |
| xv | | | | | | |
| xvi | | | | | | |
| xvii | | | | | | |
| xviii | | | | | | |
| xix | | | | | | |
| xx | | | | | | |
| xxi | | | | | | |
| xxii | | | | | | |
| xxiii | | | | | | |
| xxiv | | | | | | |
| xxv | | | | | | |
| xxvi | | | | | | |
| xxvii | | | | | | |
| xxviii | | | | | | |
| xxix | | | | | | |
| xxx | | | | | | |
| xxxi | | | | | | |
| xxxii | | | | | | |
| xxxiii | | | | | | |
| xxxiv | | | | | | |
| xxxv | | | | | | |
| xxxvi | | | | | | |

UST Form 11-MOR (12/01/2021) - Mac

Debtor's Name  Yekaterina Tumayeva                                       Case No.  21-40870

| | | | | | |
|---|---|---|---|---|---|
| xxxvii | | | | | |
| xxxvii | | | | | |
| xxxix | | | | | |
| xl | | | | | |
| xli | | | | | |
| xlii | | | | | |
| xliii | | | | | |
| xliv | | | | | |
| xlv | | | | | |
| xlvi | | | | | |
| xlvii | | | | | |
| xlviii | | | | | |
| xlix | | | | | |
| l | | | | | |
| li | | | | | |
| lii | | | | | |
| liii | | | | | |
| liv | | | | | |
| lv | | | | | |
| lvi | | | | | |
| lvii | | | | | |
| lviii | | | | | |
| lix | | | | | |
| lx | | | | | |
| lxi | | | | | |
| lxii | | | | | |
| lxiii | | | | | |
| lxiv | | | | | |
| lxv | | | | | |
| lxvi | | | | | |
| lxvii | | | | | |
| lxviii | | | | | |
| lxix | | | | | |
| lxx | | | | | |
| lxxi | | | | | |
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxvii | | | | | |

Debtor's Name  Yekaterina Tumayeva

Case No. 21-40870

| | | | | | | |
|---|---|---|---|---|---|---|
| lxxix | | | | | | |
| lxxx | | | | | | |
| lxxxi | | | | | | |
| lxxxii | | | | | | |
| lxxxiii | | | | | | |
| lxxxiv | | | | | | |
| lxxxv | | | | | | |
| lxxxvi | | | | | | |
| lxxxvii | | | | | | |
| lxxxviii | | | | | | |
| lxxxix | | | | | | |
| xc | | | | | | |
| xci | | | | | | |
| xcii | | | | | | |
| xciii | | | | | | |
| xciv | | | | | | |
| xcv | | | | | | |
| xcvi | | | | | | |
| xcvii | | | | | | |
| xcviii | | | | | | |
| xcix | | | | | | |
| c | | | | | | |
| ci | | | | | | |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | | |
| | Firm Name | Role | | | | | |
| i | | | | $0 | $0 | $0 | $0 |
| ii | | | | | | | |
| iii | | | | | | | |
| iv | | | | | | | |
| v | | | | | | | |
| vi | | | | | | | |
| vii | | | | | | | |
| viii | | | | | | | |
| ix | | | | | | | |
| x | | | | | | | |
| xi | | | | | | | |
| xii | | | | | | | |
| xiii | | | | | | | |
| xiv | | | | | | | |

Debtor's Name  Yekaterina Tumayeva                    Case No.  21-40870

| | | | | | |
|---|---|---|---|---|---|
| xv | | | | | |
| xvi | | | | | |
| xvii | | | | | |
| xviii | | | | | |
| xix | | | | | |
| xx | | | | | |
| xxi | | | | | |
| xxii | | | | | |
| xxiii | | | | | |
| xxiv | | | | | |
| xxv | | | | | |
| xxvi | | | | | |
| xxvii | | | | | |
| xxviii | | | | | |
| xxix | | | | | |
| xxx | | | | | |
| xxxi | | | | | |
| xxxii | | | | | |
| xxxiii | | | | | |
| xxxiv | | | | | |
| xxxv | | | | | |
| xxxvi | | | | | |
| xxxvii | | | | | |
| xxxvii | | | | | |
| xxxix | | | | | |
| xl | | | | | |
| xli | | | | | |
| xlii | | | | | |
| xliii | | | | | |
| xliv | | | | | |
| xlv | | | | | |
| xlvi | | | | | |
| xlvii | | | | | |
| xlviii | | | | | |
| xlix | | | | | |
| l | | | | | |
| li | | | | | |
| lii | | | | | |
| liii | | | | | |
| liv | | | | | |
| lv | | | | | |
| lvi | | | | | |

Debtor's Name Yekaterina Tumayeva

Case No. 21-40870

| | | | | | |
|---|---|---|---|---|---|
| lvii | | | | | |
| lviii | | | | | |
| lix | | | | | |
| lx | | | | | |
| lxi | | | | | |
| lxii | | | | | |
| lxiii | | | | | |
| lxiv | | | | | |
| lxv | | | | | |
| lxvi | | | | | |
| lxvii | | | | | |
| lxviii | | | | | |
| lxix | | | | | |
| lxx | | | | | |
| lxxi | | | | | |
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxvii | | | | | |
| lxxix | | | | | |
| lxxx | | | | | |
| lxxxi | | | | | |
| lxxxii | | | | | |
| lxxxii | | | | | |
| lxxxiv | | | | | |
| lxxxv | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxix | | | | | |
| xc | | | | | |
| xci | | | | | |
| xcii | | | | | |
| xciii | | | | | |
| xciv | | | | | |
| xcv | | | | | |
| xcvi | | | | | |
| xcvii | | | | | |
| xcviii | | | | | |

Debtor's Name  Yekaterina Tumayeva                                          Case No.  21-40870

| | xcix | | | | | | |
|---|---|---|---|---|---|---|---|
| | c | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | $0 | $0 | $0 | $0 |

| Part 6:  Postpetition Taxes | Current Month | Cumulative |
|---|---|---|
| a.  Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b.  Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c.  Postpetition employer payroll taxes accrued | $0 | $0 |
| d.  Postpetition employer payroll taxes paid | $0 | $0 |
| e.  Postpetition property taxes paid | $0 | $0 |
| f.  Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g.  Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

**Part 7: Questionnaire - During this reporting period:**

a. Were any payments made on prepetition debt?  (if yes, see Instructions)    Yes ○  No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)    Yes ○  No ●

c. Were any payments made to or on behalf of insiders?    Yes ○  No ●

d. Are you current on postpetition tax return filings?    Yes ○  No ●

e. Are you current on postpetition estimated tax payments?    Yes ○  No ●

f. Were all trust fund taxes remitted on a current basis?    Yes ○  No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)    Yes ○  No ●

h. Were all payments made to or on behalf of professionals approved by the court?    Yes ○  No ○  N/A ●

i. Do you have:    Worker's compensation insurance?    Yes ○  No ●
   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)
   Casualty/property insurance?    Yes ○  No ●
   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)
   General liability insurance?    Yes ○  No ●
   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?    Yes ○  No ●

k. Has a disclosure statement been filed with the court?    Yes ○  No ●

l. Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930?    Yes ●  No ○

Debtor's Name  Yekaterina Tumayeva                                          Case No. 21-40870

| Part 8: Individual Chapter 11 Debtors (Only) | |
|---|---|
| a. | Gross income (receipts) from salary and wages | $7,862 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $7,862 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $19,728 |
| i. | Total expenses in the reporting period (e+f+g+h) | $19,728 |
| j. | Difference between total income and total expenses (d-i) | $-11,865 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ◉ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ◉ |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

/s/ Yekaterina Tumayeva                               Yekaterina Tumayeva
Signature of Responsible Party                        Printed Name of Responsible Party
Self                                                  06/05/2022
Title                                                 Date

Debtor's Name Yekaterina Tumayeva                                    Case No. 21-40870



PageOnePartOne

PageOnePartTwo

PageTwoPartOne

PageTwoPartTwo

Debtor's Name  Yekaterina Tumayeva

Case No.  21-40870



Bankruptcy1to50

Bankruptcy51to100

NonBankruptcy1to50

NonBankruptcy51to100

Debtor's Name  Yekaterina Tumayeva                    Case No.  21-40870



PageThree



PageFour

# EXHIBIT A



Available Balance

# $2,689.90

Today's Beginning Balance          **$2,755.22**

Pending                            **-$65.32**

| Date | Type | Description | Credit | Balance |
|------|------|-------------|--------|---------|
| **PENDING TRANSACTIONS** | | | | |
| 6/6/2022 | CREDIT | Mobile Deposit | $2,100.00 | Pending |
| 6/6/2022 | DEBIT | Mobile Deposit Funds Pending | -$2,100.00 | Pending |
| 6/3/2022 | DEBIT | MASAKARI JAPANESE FU | -$65.32 | Pending |
| **ACCOUNT HISTORY** | | | | |
| 5/31/2022 | DEBIT CARD | VISA DDA PUR ▓▓▓▓ 4▓4760 LIQUORWINESWAREHOUSEOCEA BROOKLYN * NY | -$183.97 | $3,216.64 |
| 5/31/2022 | DIRECTDEP | JPMORGAN CHASE B PAYROLL DD | $3,149.17 | $3,400.61 |
| 5/24/2022 | DEBIT CARD | VISA DDA PUR ▓▓▓4▓216 SP AREA NYC HTTPSAREA NYC * NY | -$430.06 | $251.44 |
| 5/20/2022 | DEBIT CARD | VISA DDA PUR ▓▓▓▓6501 OVER GREENS BROOKLYN * NY | -$9.75 | $681.50 |

| Date | Type | Description | Credit | Balance |
|---|---|---|---|---|
| 5/20/2022 | DEBIT CARD | VISA DDA PUR 9128 MASUTA JAPANESE FUSION BROOKLYN * NY | -$35.56 | $691.25 |
| 5/20/2022 | DIRECTDEP | JPMORGAN CHASE B PAYROLL DD | $458.08 | $726.81 |
| 5/16/2022 | DEBIT CARD | VISA DDA PUR 9216 SQ PSC FECC FREDERICKSBUR * VA | -$3.45 | $268.73 |
| 5/16/2022 | DEBIT CARD | VISA DDA PUR 339 NAYAX VENDING 34 HUNT VALLEY * MD | -$5.50 | $272.18 |
| 5/16/2022 | DEBIT CARD | VISA DDA PUR 3309 THE KOOPLES NEW YORK * NY | -$65.75 | $277.68 |
| 5/16/2022 | DEBIT CARD | VISA DDA PUR 473309 THE KOOPLES NEW YORK * NY | -$132.90 | $343.43 |
| 5/13/2022 | DEBIT CARD | VISA DDA PUR 9216 OMAR KHAYYAM CORP BROOKLYN * NY | -$45.88 | $476.33 |
| 5/11/2022 | DEBIT | CITIZENSDPY CITIZENPMT | -$5,189.54 | $522.21 |
| 5/10/2022 | DEP | MOBILE DEPOSIT | $387.00 | $5,711.75 |
| 5/10/2022 | CREDIT | VISA DDA REF 420429 FARFET 670 * CA | $553.08 | $5,324.75 |
| 5/9/2022 | CREDIT | VISA DDA REF 0429 TRIBOO DIGITALE USA INC NEW YORK * NY | $756.69 | $4,771.67 |
| 5/6/2022 | DIRECTDEP | JPMORGAN CHASE B PAYROLL DD | $458.07 | $4,014.98 |
| 5/5/2022 | POS | DDA PURCHASE *3743 8201 RICHMOND TERRAC STATEN ISLAND * NY | -$5.00 | $3,556.91 |
| 5/5/2022 | DEBIT CARD | VISA DDA PUR 9215 TOCK AT IMPERFECTO ENR IMPERFECTODC * IL | -$55.25 | $3,561.91 |
| 5/4/2022 | CHECK | POD CHECK  165 | -$13,500.00 | $3,617.16 |

| Date | Type | Description | Credit | Balance |
|------|------|-------------|--------|---------|
| 5/3/2022 | POS | DDA PURCHASE *3743 ▓▓▓ 0799 USPS PO 3 3157 CONEY I BROOKLYN * NY | -$26.95 | $17,117.16 |
| 5/3/2022 | DEP | MOBILE DEPOSIT | $2,100.00 | $17,144.11 |
| 5/2/2022 | DEBIT CARD | VISA DDA PUR ▓▓▓ 9215 UBER TRIP HELP UBER COM * CA | -$5.44 | $15,044.11 |
| 5/2/2022 | DEBIT CARD | VISA DDA PUR ▓▓▓ 9215 UBER TRIP HELP UBER COM * CA | -$32.56 | $15,049.55 |



**TD Bank**
America's Most Convenient Bank®

T         STATEMENT OF ACCOUNT

YEKATERINA TUMAYEVA
DIP CASE 21-40870 EDNY
125 OCEANA DR E APT 3C
BROOKLYN NY  11235-6692

| | |
|---|---|
| Page: | 1 of 4 |
| Statement Period: | Apr 21 2022-May 20 2022 |
| Cust Ref #: | ################-### |
| Primary Account #: | 5768 |

## Chapter 11 Checking

YEKATERINA TUMAYEVA
DIP CASE 21-40870 EDNY

Account # 5768

---

## ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 10,630.92 | Average Collected Balance | 6,573.66 |
| Deposits | 2,487.00 | Interest Earned This Period | 0.00 |
| Electronic Deposits | 9,881.97 | Interest Paid Year-to-Date | 0.00 |
| | | Annual Percentage Yield Earned | 0.00% |
| Checks Paid | 13,500.00 | Days in Period | 30 |
| Electronic Payments | 8,818.39 | | |
| Ending Balance | 681.50 | | |

---

## DAILY ACCOUNT ACTIVITY

### Deposits

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 05/03 | MOBILE DEPOSIT | 2,100.00 |
| 05/10 | MOBILE DEPOSIT | 387.00 |
| | Subtotal: | 2,487.00 |

### Electronic Deposits

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 04/22 | ACH DEPOSIT, JPMORGAN CHASE B PAYROLL DD V303456 | 458.85 |
| 04/25 | ACH DEPOSIT, NY STATE NYSTTAXRFD XXXX47XX62 | 1,433.00 |
| 04/29 | ACH DEPOSIT, JPMORGAN CHASE B PAYROLL DD V303456 | 5,764.20 |
| 05/06 | ACH DEPOSIT, JPMORGAN CHASE B PAYROLL DD V303456 | 458.07 |
| 05/09 | DEBIT CARD CREDIT, *********3743, AUT 050622 VISA DDA REF TRIBOO DIGITALE USA INC   NEW YORK   * NY | 756.69 |
| 05/10 | DEBIT CARD CREDIT, *********3743, AUT 050922 VISA DDA REF FARFETCH         ****0670   * CA | 553.08 |
| 05/20 | ACH DEPOSIT, JPMORGAN CHASE B PAYROLL DD V303456 | 458.08 |
| | Subtotal: | 9,881.97 |

### Checks Paid

No. Checks: 1     *Indicates break in serial sequence or check processed electronically and listed under Electronic Payments

| DATE | SERIAL NO. | AMOUNT |
|---|---|---|
| 05/04 | 165 | 13,500.00 |
| | Subtotal: | 13,500.00 |

---

Call 1-800-937-2000 for 24-hour Bank-by-Phone services or connect to www.tdbank.com

# How to Balance your Account

**Begin by adjusting your account register as follows:**

- Subtract any services charges shown on this statement.

- Subtract any automatic payments, transfers or other electronic withdrawals not previously recorded.

- Add any interest earned if you have an interest-bearing account.

- Add any automatic deposit or overdraft line of credit.

- Review all withdrawals shown on this statement and check them off in your account register.

- Follow instructions 2-5 to verify your ending account balance.

1. Your ending balance shown on this statement is:

2. List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.

3. Subtotal by adding lines 1 and 2.

4. List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.

5. Subtract Line 4 from 3. This adjusted balance should equal your account balance.

| ❶ Ending Balance | 681.50 |
| ❷ Total Deposits | |
| ❸ Sub Total | |
| ❹ Total Withdrawals | |
| ❺ Adjusted Balance | |

| ❷ DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **Total Deposits** ❷ | | |

| ❹ WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **Total Withdrawals** ❹ | | |

**FOR CONSUMER ACCOUNTS ONLY — IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

**TD Bank, N.A., Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377**

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared. When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed. Please include:

- Your name and account number.
- A description of the error or transaction you are unsure about.
- The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

**INTEREST NOTICE**

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

**FOR CONSUMER LOAN ACCOUNTS ONLY — BILLING RIGHTS SUMMARY**

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

**FINANCE CHARGES:** Although the Bank uses the Daily Balance method to calculate the finance charge on your Moneyline/Overdraft Protection account (the term "ODP" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge. The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full. To compute the finance charge, multiply the Average Daily Balance times the Days in Period times the Daily Periodic Rate (as listed in the Account Summary section on the front of the statement). The Average Daily Balance is calculated by adding the balance for each day of the billing cycle, then dividing the total balance by the number of Days in the Billing Cycle. The daily balance is the balance for the day after advances have been added and payments or credits have been subtracted plus or minus any other adjustments that might have occurred that day. There is no grace period during which no finance charge accrues. Finance charge adjustments are included in your total finance charge.



**Bank**

America's Most Convenient Bank®

STATEMENT OF ACCOUNT

YEKATERINA TUMAYEVA
DIP CASE 21-40870 EDNY

| | |
|---|---|
| Page: | 3 of 4 |
| Statement Period: | Apr 21 2022-May 20 2022 |
| Cust Ref #: | T-### |
| Primary Account #: | 5768 |

---

## DAILY ACCOUNT ACTIVITY

### Electronic Payments

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 04/25 | DEBIT CARD PURCH 8743, AUT 042422 VISA DDA PUR TRIBOO DIGITALE USA INC     NEW YORK     * NY | 773.03 |
| 04/27 | DEBIT CARD PURCHA 8743, AUT 042622 VISA DDA PUR FARFETCH     0670     CA | 558.08 |
| 04/27 | DEBIT CARD PURCH 8743, AUT 042522 VISA DDA PUR CONCESSIONS INTERNATIO     ATLANTA     * GA | 55.75 |
| 04/28 | ELECTRONIC PMT-WEB, OCEANA CONDOMINI WEB PMTS GXZ9R2 | 919.50 |
| 04/28 | DEBIT CARD PURCHA 8743, AUT 042622 VISA DDA PUR PERCHVAIL COM     970 6869947     CO | 595.00 |
| 04/29 | NONTD ATM DEBI 8743, AUT 042922 DDA WITHDRAW 1002 BRIGHTON BEACH AV     BROOKLYN     * NY | 303.50 |
| 05/02 | DEBIT CARD PURCHA 8743, AUT 050122 VISA DDA PUR UBER   TRIP     HELP UBER COM * CA | 32.56 |
| 05/02 | DEBIT CARD PURCHA 8743, AUT 050122 VISA DDA PUR UBER   TRIP     HELP UBER COM * CA | 5.44 |
| 05/03 | DEBIT PO 8743, AUT 050322 DDA PURCHASE USPS PO 3 315/ CONEY     BROOKLYN     * NY | 26.95 |
| 05/05 | DEBIT CARD PURCHA 8743, AUT 050422 VISA DDA PUR TOCK AT IMPERFECTO ENR     IMPERFECTODC * IL | 55.25 |
| 05/05 | DEBIT 8743, AUT 050522 DDA PURCHASE RICHMOND TERRAC     STATEN ISLAND * NY | 5.00 |
| 05/11 | ELECTRONIC PMT-TEL, CITIZENSDPY CITIZEN 3044 | 5,189.54 |
| 05/13 | DEBIT CARD PURCHASE 8743, AUT 051222 VISA DDA PUR OMAR KHAYYAM CORP     BROOKLYN     * NY | 45.88 |
| 05/16 | DEBIT CARD PURCHAS 8743, AUT 051122 VISA DDA PUR THE KOOPLES     NEW YORK     * NY | 132.90 |
| 05/16 | DEBIT CARD PURCHA 8743, AUT 051122 VISA DDA PUR THE KOOPLES     NEW YORK     * NY | 65.75 |
| 05/16 | DEBIT CARD PURCHAS 8743, AUT 051522 VISA DDA PUR NAYAX VENDING 34     HUNT VALLEY     * MD | 5.50 |
| 05/16 | DEBIT CARD PURCHA 8743, AUT 051522 VISA DDA PUR SQ PSC  FECC     FREDERICKSBUR * VA | 3.45 |
| 05/20 | DEBIT CARD PURCHA 8743, AUT 051922 VISA DDA PUR MASUTA JAPANESE FUSION     BROOKLYN     * NY | 35.56 |
| 05/20 | DEBIT CARD PURCHA 8743, AUT 051922 VISA DDA PUR OVER GREENS     BROOKLYN     * NY | 9.75 |

| | |
|---|---|
| Subtotal: | 8,818.39 |


**Bank**

America's Most Convenient Bank®

STATEMENT OF ACCOUNT

YEKATERINA TUMAYEVA
DIP CASE 21-40870 EDNY

| | |
|---|---|
| Page: | 4 of 4 |
| Statement Period: | Apr 21 2022-May 20 2022 |
| Cust Ref #: | T-### |
| Primary Account #: | 5768 |

---

## DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 04/20 | 10,630.92 | 05/05 | 3,556.91 |
| 04/22 | 11,089.77 | 05/06 | 4,014.98 |
| 04/25 | 11,749.74 | 05/09 | 4,771.67 |
| 04/27 | 11,135.91 | 05/10 | 5,711.75 |
| 04/28 | 9,621.41 | 05/11 | 522.21 |
| 04/29 | 15,082.11 | 05/13 | 476.33 |
| 05/02 | 15,044.11 | 05/16 | 268.73 |
| 05/03 | 17,117.16 | 05/20 | 681.50 |
| 05/04 | 3,617.16 | | |

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

Yekaterina Tumayeva,                                        Chapter 11

                                                            Case No. 1-21-40870-JMM


                                        Debtor.
-----------------------------------------------------------------X

AMERICAN EXPRESS NATIONAL BANK,

                        PLAINTIFF,

    v.

YEKATERINA TUMAYEVA,

                                                            Adv. Proc. No. 1-21-01052-JMM


                        DEFENDANT,
-----------------------------------------------------------------X


## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made as of the ⎵15⎵ day of March, 2022,
by and between American Express National Bank ("Amex") and Yekaterina Tumayeva (the
"Debtor"). Amex and the Debtor are referred to herein collectively as the "Parties" and
individually as a "Party".

WHEREAS, On April 4, 2021 (the "Petition Date"), the Debtor filed a voluntary petition
with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy
Court") for relief under Chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101, *et seq.*
(the "Bankruptcy Code");

**WHEREAS**, on May 6, 2021, Amex, by counsel, filed proofs of claim in the lead bankruptcy case (designated as Claim No. 3-1, 4-1 and Claim No.5-1), in the total amount of $41,974.09;

**WHEREAS**, On July 1, 2021, Amex filed a Complaint against the Debtor, entitled *American Express National Bank v. Yekaterina Tumayeva*, Adv. Proc. No 1-21-01052-JMM, seeking a finding of non-dischargeability pursuant to 11 U.S.C. §523 (a)(14), 11 U.S.C. § 523(A14) and 11 U.S.C. § 523 (a)(2)(C), in the amount of $ 20, 517.70 associated with accounts ending x2001 and x1008. The Debtor filed an answer to the Complaint on August 5, 2021.

**WHEREAS**, the Parties have engaged in good faith settlement discussions and desire to resolve and settle Amex's non-dischargeability claims upon the terms and conditions set forth in this Agreement.

**NOW, THEREFORE**, in consideration of the mutual promises contained herein, the Parties, intending to be legally bound, stipulate and agree as follows:

1. In full and final satisfaction of Amex's claims against the Debtor, the Debtor shall pay to Amex the amount of $13,500.00 (the "Settlement Amount") as detailed below:

> a lump sum payment of $13,500.00 shall be paid within ten (10) days after the Bankruptcy Court has entered an Order approving this Settlement Agreement by a 9019 motion to be filed by the Debtor, and

2. The remaining balance of the allowed claims, shall be paid in accordance with the treatment terms to be offered to similarly situated claim holders, in a plan of reorganization to be filed shortly in the case. Plaintiff remains entitled to distribution from the bankruptcy estate on the remainder of its allowed claim. Any amounts (other than interest payments) received from the bankruptcy estate in combination with any monies paid by the Defendant, which exceed the original account balance, shall be returned to the Defendant.

2

3.    The Defendant shall submit her payment, made payable to "American Express," directly to Becket & Lee, LLP, P.O. Box 3001, Malvern, PA 19355. The Defendant shall reference her bankruptcy number and the last four digits of the Account numbers (21-40870, x1008, x2001) on the tendered payment.

4.    In the event the Bankruptcy Court declines to approve this Agreement in its entirety without any material modifications, then this Agreement shall be deemed void and the Parties shall be returned to the same position they were in immediately prior to the execution of this Agreement without waiver of any rights, claims, remedies or defenses.

5.    In the event that the Defendant's bankruptcy case is dismissed or discharge denied, waived or revoked, Plaintiff remains entitled to recover the full Account balances as of the petition date, less credit given for all amounts received hereunder.

6.    Upon payment of the lump sum Settlement Amount in full, the parties will be deemed to have released and forever discharged each other and any of their parents, subsidiaries, directors, officers, shareholders, managers, employees, agents and attorneys of and from any and all liens, obligations, claims, counterclaims, deficiencies, actions, causes of action, demands, remedies and damages (including, without limitation, principal, interest, costs, attorneys' fees and punitive damages based upon or arising out of the claims herein).

7.    For the avoidance of doubt, it is expressly understood and agreed that the foregoing mutual releases are not intended to and shall not be construed to waive or release any rights or obligations created by this Agreement.

8.    This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, legal representatives, successors and assigns, including, but not limited to,

any examiner, trustee, conservator, liquidator or other fiduciary appointed as a representative for any of the Parties or the Debtor's bankruptcy estates.

9.      Nothing contained in this Agreement shall confer any rights, remedies or benefits upon any person or entity who is not a Party to this Agreement or expressly referenced herein.

10.     The Parties hereby acknowledge and agree that this Agreement constitutes the entire agreement by and between the Parties with respect to the subject matter hereof, and that there are no representations or understandings by or between the Parties, written or oral, contrary to or different from those expressly set forth in this Agreement.

11.     Each Party shall be responsible for its own attorneys' fees, expenses and costs incurred in connection with this Agreement.

12.     This Agreement may not be altered, amended or modified other than in a writing signed by the Parties.

13.     Each of the Parties has jointly participated in the negotiation and drafting of the Agreement with the assistance of their own legal counsel or had a reasonable opportunity to seek the assistance of their own legal counsel and knowingly waived such right.

14.     The recitals to this Agreement are an integral and material part of this Agreement and thus shall be construed as mutual representations and warranties by the Parties to each other.

15.     Each Party hereby represents and warrants to the other Party that the respective undersigned signatory for such Party has requisite power, authority and approval to execute this Agreement on behalf of the Party for whom they sign and to legally bind such Party to the terms and conditions of this Agreement.

16.     The Bankruptcy Court shall retain jurisdiction and authority to enforce the terms of this Agreement.

4

17.    The Parties consent to the entry of final orders by the Bankruptcy Court concerning any matter arising from or related to the making, interpretation, and enforcement of this Agreement or any issues arising hereunder.

18.    The Parties agree to waive any entitlement to a trial by jury in any suit concerning this Agreement.

19.    This Agreement may be executed in counterparts, each of which when taken together shall constitute one and the same instrument. Facsimile or PDF copies of signatures to this Agreement sent by e-mail shall have the same force and effect as original signatures.

**WHEREFORE,** the undersigned Parties, intending to be legally bound hereby, have executed this Agreement as of the date first set forth above.

Dated: ___3/15/22___          By: _____
                                   Paul J. Hooten (PJH9510)
                                   PAUL J. HOOTEN & ASSOCIATES
                                   5505 Nesconset Highway, Suite 203
                                   Mt. Sinai, NY  11766
                                   Telephone: (631) 331-0547
                                   Email: pjhooten@mindspring.com
                                   *Attorney for Plaintiff*

Dated: __03/10/2022__         By: _____
                                   Alla Kachan, Esquire
                                   Law Offices of Alla Kachan, P.C.
                                   2799 Coney Island Avenue, Suite 202
                                   Brooklyn, NY 11235
                                   Telephone: (718) 513-3145
                                   Email: alla@kachanlaw.com
                                   *Attorney for Defendant*

Dated: _____          By: _____
                                   Yekaterina Tumayeva
                                   125 Oceana Drive E Apt. 3C
                                   Brooklyn NY 11235-6692
                                   *Defendant*

5

ASSOCIATES

203

pjhooten@mindspring.com

PAUL J. HOOTEN &

5505 Nesconset Highway, Suite

Mt. Sinai, NY 11766
Telephone: (631) 331-0547
Email:

*Attorney for Plaintiff*

Dated:                          By:

Alla Kachan, Esquire
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite

202

Brooklyn, NY 11235
Telephone: (718) 513-3145
Email: alla@kachanlaw.com
*Attorney for Defendant*

Dated: 3/10/22          By:

Yekaterina Tumayeva
125 Oceana Drive E. Apt. 3C
Brooklyn NY 11235-6692
*Defendant*

# EXHIBIT E

In RE: Yekaterina Tumayeva, Debtor

Case No.  1-21-40870

## Liquidation Analysis as of June 13, 2022

### ASSET:

| Description | Value | Exemption | Net |
|---|---|---|---|
| Cash on Hand | $50.00 | $0.00 | $50.00 |
| Real property, located at 125 Oceana Dr. East # 3C Brooklyn, NY 11235 | $1,180,000.00 | | |
| Mortgage | $1,066,082.00 | | |
| 100% ownership | $113,918.00 | $113,918.00 | $0.00 |
| Real property located at 14 Dexter Street Trenton, NJ 08638 | $43,230.00 | | |
| Mortgage | $30,073.00 | | |
| 100% ownership | $13,157.00 | $0.00 | $13,157.00 |
| Real property located at 62 Hudson Street Trenton, NJ 08609 | $55,242.00 | | |
| Mortgage | $56,152.00 | | |
| 100% ownership | $0.00 | $0.00 | $0.00 |
| Real property located at 274 Hamilton Street Trenton, NJ 08609 | $103,934.00 | | |
| Mortgage | $77,381.00 | | |
| 100% ownership | $26,553.00 | $0.00 | $26,553.00 |
| Household Goods and Furnishing 50 % ownership | $7,500.00 | $7,500.00 | $0.00 |
| Electronics 50% ownership | $1,000.00 | $1,000.00 | $0.00 |
| Clothes | $5,000.00 | $2,875.00 | $2,125.00 |
| Jewelry | $6,000.00 | $6,000.00 | $0.00 |
| JP Morgan Chase Bank - employee purchase stock plan | $1,163.00 | $0.00 | $1,163.00 |
| 100% business ownership - 274-276 Hamilton LLC | $0.00 | $0.00 | $0.00 |
| 401(k) - JP Morgan Chase Bank | $204,000.00 | $204,000.00 | $0.00 |
| IRA retirement funds - JP Morgan Chase | $33,000.00 | $33,000.00 | $0.00 |
| Balance on the DIP Account according to the last filed monthly operating report | $681.50 | $0.00 | $681.50 |
| **TOTAL ASSET IN CHAPTER 7 LIQIDATION** | $681.50 | | $43,729.50 |

| LIQUIDATION PRIORITY PAYMENTS: | |
|---|---|
| Cost of advertising a sale of property | $1,000.00 |
| Broker fee | $9,000.00 |
| Legal fees for real estate counsel | $2,000.00 |
| Transfer taxes | $2,950.00 |
| Chapter 7 Trustee fees | $4,000.00 |
| Counsel for Chaper 7 Trustee | $3,000.00 |
| Accountant for Chapter 7 Trustee | $2,000.00 |
| **TOTAL PRIORITY PAYMENTS:** | **$23,950.00** |
| | |
| **NET PROCEEDS AVAILABLE TO CREDITORS:** | **$19,779.50** |